**Chyral BYNUM, Plaintiff,**

v.

**AETNA GOVERNMENT HEALTH PLAN, Defendant.**

**Civ. No. 94–1752–B (LSP).**

United States District Court, S.D. California.

June 9, 1995.

Thomas J. Massey, San Diego, CA, for plaintiff.

Hugh H. Helm, Nancy A. Jerian, Los Angeles, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

BREWSTER, District Judge.

On June 5, 1995, the above captioned matter came on regularly for hearing before the Honorable Rudi M. Brewster. Plaintiff Chyral Bynum ("plaintiff") was represented by Thomas J. Massey, Jr., Esq.; defendant Aetna Government Health Plan ("defendant") was represented by Nancy A. Jerian, Esq. After due consideration of the papers filed both in support of and in opposition to defendant's motion to dismiss, or alternatively, for summary judgment, as well as oral argument offered at the hearing, the Court hereby GRANTS defendant's motion to dismiss and DENIES the motion for summary judgment without prejudice.

On September 30, 1994, plaintiff Chyral Bynum ("plaintiff") initiated this action in San Diego Superior Court for two causes of action—breach of contract and intentional tort. The Complaint alleges that "on or about 1994" defendant Aetna Government Health Plans owed plaintiff a duty to provide all reasonable and necessary medical services. The Complaint further alleges that defendant denied coverage and refused to provide a necessary medical operation: a radical bilateral mastectomy. After removing the action to this Court, defendant now moves to dismiss, or in the alternative, for summary judgment.

■ Defendant first argues that plaintiff's state law claims are preempted by the Civilian Health and Medical Program of Uniformed Services, 10 U.S.C. § 1071 et. seq. ("CHAMPUS"). The CHAMPUS preemption clause provides:

> [a] law or regulation of a State or local government relating to health insurance, prepaid health plans, or other health care delivery or financing methods shall not apply to any contract entered into pursuant to this chapter by the Secretary of Defense or the administering Secretaries to the extent that the Secretary of Defense or the administering Secretaries determine that—
>
> (1) the State or local law or regulation is inconsistent with a specific provision of the contract or a regulation promulgated by the Secretary of Defense or the administering Secretaries pursuant to this chapter; or
>
> (2) the preemption of the State or local law or regulation is necessary to implement or administer the provisions of the contract or to achieve any other important Federal interest.

10 U.S.C. § 1103. The Court finds that there is ample evidence from the legislative history of the CHAMPUS preemption clause suggesting that it was specifically intended to preempt state law claims against private CHAMPUS contractors—such as defendant in this case—in their provision of administrative services. For example, one Senate Report states

> Now that CHAMPUS will be working through private sector health insurance

companies, Defense Department officials have raised questions to the Committee about the effects on multi-state CHAMPUS contracts of conflicting state health insurance rules and other regulations.

Defense officials have asked Congress to enact legislation for CHAMPUS, similar to 5 U.S.C. 8902(m)(1), the legislation that provides for the Federal Health Benefits Program (FEHB), to make it clear that federal rules for this federal program preempt state regulations. The Committee agrees that such legislation would be beneficial and has included a provision in the bill (sec. 724) modeled after the legislation governing the FEHB program.

S.REP. No. 57, 100th Cong., 1st Sess., 150–51 (1987); *see also* H.R.REP. No. 200, 103d Cong., 1st Sess., at 298 (1993).

The regulations promulgated pursuant to CHAMPUS make clear themselves that "[a]lthough similar in structure in many of its aspects, CHAMPUS is not an insurance program in that it does not involve a contract guaranteeing the indemnification of an insured party against a specified loss in return for a premium paid." 32 CFR § 199.1(d). The legislative history of CHAMPUS also identifies numerous policy reasons for why the statute preempts claims such as plaintiff's state law causes of action here. Most of these policy rationales are based on the federal government's interest in uniformity in the administration of CHAMPUS claims and in the provision of CHAMPUS services. Therefore, the Court finds that plaintiff's state-law causes of action for intentional tort and breach of contract are preempted by CHAMPUS.

■ With regard to any potential claim for CHAMPUS benefits, the parties do not dispute that plaintiff has failed to exhaust her administrative remedies as set forth under CHAMPUS. Plaintiff argues that she should be excused from the exhaustion requirement under the doctrine of futility. However, the Court finds that plaintiff has failed to put forth any evidence to show that it would have been futile for her to exhaust her administrative remedies. The Court grants plaintiff sixty days leave to amend with regard to any potential claim for CHAMPUS benefits so that plaintiff may perfect her administrative appeal.

As a result of the above findings, the Court GRANTS defendant's motion to dismiss plaintiff's state law causes of action without leave to amend. Plaintiff shall have 60 days leave to amend with regard to any potential claim under CHAMPUS.

IT IS SO ORDERED.